**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 117253

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

| | |
|---|---|
| Ronald D Gentile, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CMRE Financial Services, Inc.,<br><br>Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Ronald D Gentile, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against CMRE Financial Services, Inc. (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1.      This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA") and the Florida Consumer Collection Practices Act, § 559.55, Fla. Stat., *et seq.* (the "FCCPA").

**JURISDICTION AND VENUE**

2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

1

3.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.      At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5.      Plaintiff Ronald D Gentile is an individual who is a citizen of the State of Florida residing in Palm Beach County, Florida.

6.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(8).

7.      On information and belief, Defendant CMRE Financial Services, Inc., is a California Corporation with a principal place of business in Orange County, California.

8.      Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7).

10.     Defendant is a corporation subject to the FCCPA.

## ALLEGATIONS

11.     Defendant alleges Plaintiff owes a debt ("the Debt").

12.     The Debt was primarily for medical services and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(6).

13.     Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

14.     Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

15.     In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated May 25, 2018. (**Exhibit 1.**")

16.     The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2) and Fla. Stat. § 559.55(2).

17.     The Letter directs Plaintiff to Defendant's website (the "Website").

18.     The Website is a "communication" as defined by 15 U.S.C. § 1692a(2) and Fla.

Stat. § 559.55(2).

19.     Plaintiff accessed the Website.

20.     The Website states, "Your account balance may be periodically increased due to the addition of accrued interest or other charges as provided in the agreement with the original creditor or as otherwise provided by state law." (referred to hereafter as "the Website's statement as to interest and fees")

21.     Interest was not accumulating on the Debt at the time the Letter was sent.

22.     Interest was not accumulating on the Debt at the time the Debt was with Defendant.

23.     Other fees and charges were not accruing on the Debt at the time the Letter was sent.

24.     Other fees and charges were not accruing on the Debt at the time the Debt was with Defendant.

## FIRST COUNT
## Violation of 15 U.S.C. § 1692e

25.     Plaintiff repeats and realleges paragraphs 2, 3, 4, 6, and 9 through 24 as if fully restated herein.

26.     The Website's statement as to interest and fees would lead the least sophisticated consumer to believe that the Debt was accruing interest.

27.     The Website's statement as to interest and fees would lead the least sophisticated consumer to believe that the Debt was accruing late fees.

28.     The Website's statement as to interest and fees, when the debt was not accruing interest at the time the letter was sent, is deceptive within the meaning of 15 U.S.C. § 1692e.

29.     The Website's statement as to interest and fees, when the debt was not accruing interest at the time it was with Defendant, is deceptive within the meaning of 15 U.S.C. § 1692e.

30.     The Website's statement as to interest and fees, when the debt was not accruing other fees and charges at the time the letter was sent, is deceptive within the meaning of 15 U.S.C. § 1692e.

31.     The Website's statement as to interest and fees, when the debt was not accruing other fees and charges at the time it was with Defendant, is deceptive within the meaning of 15

U.S.C. § 1692e.

32.     For these reasons, Defendant violated 15 U.S.C. § 1692e.


**SECOND COUNT**
**Violation of § 559.72 of the FCCPA**

33.     Plaintiff repeats and realleges paragraphs 2, 3, 4, 6, 9 through 24, 26, 27 as if fully restated herein.

34.     Section 559.72(9) of the FCCPA provides that a debt collector shall not "Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."

35.     The Website's statement as to interest and fees would lead the least sophisticated consumer to believe that Defendant was asserting the existence of a legal right to collect interest on the debt, in violation of Section 559.72(9) of the FCCPA.

36.     Defendant knew that it did not have a legal right to collect interest on the debt.

37.     The Website's statement as to interest and fees would lead the least sophisticated consumer to believe that Defendant was asserting the existence of a legal right to collect other fees and charges on the debt, in violation of Section 559.72(9) of the FCCPA.

38.     Defendant knew that it did not have a legal right to collect other fees and charges on the debt.

39.     Defendant violated Section 559.72(9) of the FCCPA.


**CLASS ALLEGATIONS**

40.     Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of Florida from whom Defendant attempted to collect a consumer debt that was neither accumunlating interest nor subject to fees or other charges, where Defendant sent the consumer a letter directing the consumer to Defendant's website, from one year before the date of this Complaint to the present.

41.     This action seeks a finding that Defendant's conduct violates the FDCPA and FCCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k and Fla. Stat. § 559.77(2).

42.    Defendant regularly engages in debt collection.

43.    The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts that was neither accumunlating interest nor subject to fees or other charges, where Defendant sent the consumer a letter directing the consumer to Defendant's website.

44.    Plaintiff's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

45.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

46.    Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

**JURY DEMAND**

47.    Plaintiff hereby demands a trial of this action by jury.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a.   Certify this action as a class action; and

b.   Appoint Plaintiff as Class Representative of the Class, and

5

Plaintiff's attorneys as Class Counsel; and

c.   Find that Defendant's actions violate the FDCPA and FCCPA; and

d.   Grant damages against Defendant pursuant to 15 U.S.C. § 1692k and Fla. Stat. § 559.77(2); and

e.   Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k and Fla. Stat. § 559.77(2); and

f.   Grant Plaintiff's costs; together with

g.   Such other relief that the Court determines is just and proper.

DATED: May 1, 2019

**BARSHAY SANDERS, PLLC**

By:  _/s/ *Craig B. Sanders* _____
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 117253

